**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK A. APPLE, | No. 24-307 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-05531-MLP |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted April 2, 2025[**]
Portland, Oregon

Before: BYBEE, LEE, and FORREST, Circuit Judges.

Patrick A. Apple appeals from a district court order affirming the

Administrative Law Judge's (ALJ) denial of his application for disability insurance

benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's order upholding the ALJ's denial of social security benefits de novo. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We reverse the ALJ's decision only if it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (internal citation and quotation omitted). "If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

1. The ALJ did not err by discounting the medical opinions of two examining psychologists, nor the medical opinion of an examining advanced registered nurse practitioner (ARNP). Because Apple's claim was filed after March 27, 2017, the ALJ was required to articulate the persuasiveness of each medical opinion and specifically address whether the opinion is supported and consistent with the record. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)–(c)).[1] "Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. Consistency means the extent to which a medical opinion is consistent with the

---

[1] Apple waived his argument that *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), undermines the validity of the 2017 regulations by raising the contention only in his reply brief. *See Barnes v. Fed. Aviation Admin.*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017).

evidence from other medical sources and nonmedical sources in the claim." *Id.* (internal quotations, citations, and alterations omitted).

The ALJ concluded that the opinions of an examining psychologist from May 2021 were "not persuasive because they are inconsistent with and unsupported by the medical evidence which shows generally normal mental status examinations and some improvement in symptoms with medication." Although Apple argues to the contrary, substantial evidence supports the ALJ's evaluation of the medical records and Apple's improved symptoms.

The ALJ also found the opinions of another examining psychologist from September 2022 only "somewhat persuasive," stating: "While his mild to moderate opined limitations are consistent with and supported by the medical evidence, [the] opined marked limitations are inconsistent and unsupported by the treatment records and his own examination which show normal mental status examinations despite having a depressed affect at times." Substantial evidence supports the ALJ's decision to discount the assessment of mental health limitations that were more severe than supported by the medical evidence in the record as a whole.

Finally, substantial evidence supports the ALJ's conclusion that an examining ARNP's assessment of substantial physical limitations were partially contradicted by other medical evidence in the record.

2.  The ALJ did not err by discounting Apple's testimony regarding the

severity of his physical and mental symptoms and limitations. Where there is objective medical evidence of an impairment that could cause the symptoms the claimant alleges, an ALJ can discount the claimant's testimony about the severity of his or her symptoms only by offering "specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (internal citation and quotation omitted). Furthermore, the ALJ's "specific, clear and convincing reasons" must be supported by "substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102–03 (9th Cir. 2014). Here, the ALJ cited at least two clear and convincing reasons supported by substantial evidence for discounting Apple's testimony.

First, the ALJ discounted Apple's testimony because he found it was not consistent with the objective medical evidence. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

As to Apple's physical symptoms, Apple testified that he could sit, stand, and walk only for short periods. As the ALJ noted, though, Apple's medical records showed largely normal strength, sensation, reflexes, and gait beginning in March 2021 and continuing throughout 2022. During a consultative examination in October 2021, Apple was able to walk into the examination room with "normal

ambulatory mannerisms," transfer to and from the examination table, and transfer to and from a chair, all without assistance. Additionally, in September 2021, Apple declined epidural steroid injections.

As to Apple's mental symptoms, Apple testified that he had "bad" anxiety, lost interest in everything, and generally felt "drowsy" and "dizzy" due to his medications. He also stated that he experiences difficulties with memory and concentration. The ALJ concluded that, although Apple had mental impairments, his psychological evaluations failed to support Apple's allegations "that his impairments are debilitating." The ALJ then cited numerous mental status examinations in the longitude record that showed normal thoughts, concentration, memory, judgment, and insight, and often appropriate mood and affect with sometimes depressed mood. The ALJ clearly and convincingly described how this substantial objective evidence undercut Apple's subjective testimony.

Second, the ALJ discounted Apple's testimony because he found that Apple's physical and mental symptoms had improved with treatment. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

As to Apple's physical symptoms, the ALJ noted that "[t]he treatment records show[ed] improving coordination and lower extremity weakness after his November 2020 hospitalization." Apple had a seizure in late 2020 after he stopped drinking

alcohol, and his recovery required him to use a walker for approximately four months. But by March 2021, he walked with a "normal gait" and did not need to use a walker any longer. A January 2021 report noted his right leg weakness was "improving overall" with "occasional" pains, and a March 2021 report noted his strength "continues to improve" under a heading titled "[b]ack pain."

As to Apple's mental health symptoms, Apple's medical records note that Apple's anxiety was "overall well controlled" in March 2021; that he was "feeling better overall emotionally" in July 2021; that his sleep was better in September 2021; that his anxiety had decreased when he decreased his caffeine intake in March 2022; and that Prazosin helped his nightmares in April 2022. A medical record from September 2022 also states Apple showed "normal" memory, concentration, and speech. The ALJ clearly and convincingly described how this substantial evidence showed that improvement in Apple's mental and physical health further undercut his subjective testimony.

3. The ALJ did not err by discounting the lay testimony of Apple's son and girlfriend. "It is unsettled whether an ALJ is still required to consider lay witness evidence under the revised regulations." *Crummett v. King*, No. 23-3668, 2025 WL 470890, at *2 (9th Cir. Feb. 12, 2025) (unpublished) (citation omitted). But assuming that an ALJ must consider such evidence, "[a]n ALJ need only give germane reasons for discrediting the testimony of lay witnesses." *Bayliss v.*

*Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citation omitted). Here, because the ALJ "provided clear and convincing reasons for rejecting [Apple's] own subjective complaints, and because [the lay witness] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED.**